2026 IL App (2d) 260189
No. 2-26-0189
Order filed July 31, 2026

———————————————————————————————————

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

———————————————————————————————————

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

PAUL M. FREDRICKSON, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Donald Tegeler, Judge, Presiding.
No. 25-CF-1548

———————————————————————————————————

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Kennedy and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Paul M. Fredrickson, appeals from the circuit court of Kane County's order revoking his pretrial release pursuant to section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2024)). Defendant argues that the trial court erred in (1) revoking his pretrial release before he was subject to a court's pretrial release condition order and (2) finding that there were no conditions that would reasonably mitigate the risk of his being charged with a subsequent felony or Class A misdemeanor. We affirm.

¶ 2                        I. BACKGROUND

¶ 3    Defendant is alleged to have crashed a silver Buick into a light pole on Randall Road on May 24, 2025. After the accident, he left the scene and walked home, where the police later found him. Defendant received seven traffic citations that day, each indicating that a court appearance

was required. On July 24, 2025, a criminal complaint in Kane County charged defendant, based on the accident, with a second offense of driving while license suspended or revoked (DWLSR) for driving under the influence (DUI) (625 ILCS 5/6-303(a) (West 2024)). The same day, the trial court issued a summons directing defendant to appear in court on August 14, 2025.

¶ 4     When defendant failed to appear on August 14, the trial court issued an arrest warrant for defendant. In the order, the trial court noted the warrant was issued for a violation of pretrial release conditions.

¶ 5     On October 11, 2025, while still subject to the warrant, defendant allegedly caused a multi-vehicle automobile accident on Randall Road while driving a Jeep registered to himself. Two of the drivers were transported to the hospital, and responding officers found defendant hiding in bushes nearby. A subsequent toxicology screen revealed defendant had a blood alcohol content of 0.296. The State charged defendant with multiple felonies for this second accident, including his fourth violation of aggravated DUI (*id.* § 11-501(d)(2)(C) and aggravated DUI causing great bodily harm (*id.* § 11-501(d)(1)(C).

¶ 6     Before 2025, defendant had received DUI convictions in 1999, 2005, and 2006. The State revoked defendant's driver's license in 2006. Subsequently, defendants received DWLSR convictions in 2006 and 2016.

¶ 7     On March 13, 2026, the State filed a petition to revoke defendant's pretrial release from the May 2025 accident based upon the felonies charged in the October 2025 accident. Defendant was present in court, admonished by the trial court, and ordered to appear on March 16, 2026, for a hearing on the petition. Defendant failed to appear on March 16 and March 18, 2026. The trial court issued a new arrest warrant for defendant based upon his violation of pretrial release conditions.

¶ 8    The trial court held the revocation hearing on April 6, 2026. The State proffered police synopses from both accidents and defendant's certified driving abstract. Defense counsel countered that defendant was employed, had family ties, could be placed on secure continuous remote alcohol monitoring and house arrest, and could undergo drug testing. The trial court found the State had proven by clear and convincing evidence that the new offense was likely committed and that no conditions could mitigate the danger that defendant presented to the community. The court summarized that "Nothing's going to stop this man from driving. He's going to do what he wants to do unless he's locked up." The trial court granted the petition to revoke defendant's pretrial release.

¶ 9    Defendant filed a motion for relief, and the trial court held the related hearing on April 22, 2026. Defendant argued that revocation was inapplicable because he "was not on pretrial release conditions on this case because no notice was provided to him of the conditions of release and he had not been arrested on this case until March 3, 2026." In other words, defendant was not on a court-ordered pretrial release at the time of the October accident because he had not appeared before the court until six months after the second accident. The State countered that *People v. McClure*, 2024 IL App (5th) 240027, held that a criminal defendant received sufficient notice of when the court summons was sent to his last known address and "inherent release" conditions thus applied. The trial court agreed with the State and found that *McClure* was applicable. The court noted that a summons was sent to defendant's address, that the uniform traffic citations informed defendant he was required to appear, and that defendant had failed to comply with court orders prior to his arrest. The trial court denied the motion for relief, and defendant timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, defendant argues that the trial court erred in following the allegedly flawed reasoning of *McClure* and that he was not subject to a court's pretrial release condition order when he was charged in the DUI case. Defendant also avers that the trial court erred in revoking his pretrial release because there were conditions that could mitigate the risk of him committing a new Class A misdemeanor or felony.

¶ 12                    A. Authorization for Revocation of Pretrial Release

¶ 13    The first issue on appeal is whether the trial court was authorized to revoke defendant's pretrial release. This is a question of statutory construction, which we review *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 14    The trial court was correct in noting that *McClure* already addressed the issue of whether a trial court could revoke a defendant's pretrial release without first informing him of the conditions of his pretrial release. See *McClure*, 2024 IL App (5th) 240027, ¶ 24. In *McClure*, the defendant was arrested and charged with burglary and was ordered to appear in court 15 days after his arrest. *Id.* ¶ 3. The defendant was arrested and charged with additional burglaries during these 15 days. *Id.* ¶¶ 6-9. The State filed a petition to revoke the defendant's pretrial release, and the trial court denied the petition, finding that the defendant had not been on pretrial release. *Id.* ¶ 17.

¶ 15    On appeal, the Appellate Court, Fifth District, reversed and held that the defendant was on pretrial release since he had been arrested and released on his own personal recognizance, citing sections 110-2 (725 ILCS 5/110-2 (West 2022)) and 110-6.1 (*id.* § 110-6.1) of the Code. *McClure*,

2024 IL App (5th) 240027, ¶¶ 22-24. This court recently agreed with *McClure*. See *People v. Dudish Poulsen*, 2026 IL App (2d) 260196-U.[1] In *Dudish Poulsen*, we held that:

"If a defendant is charged with a crime and released before trial, then he is on pretrial release. Since that defendant is on pretrial release, the State may seek to revoke that pretrial release if the defendant commits a felony or class A misdemeanor. 725 ILCS 5/110-6(a) (West 2024). The trial court need not inform the defendant that he may not commit such a crime while on release because, under the Code, it is presumed that [a] defendant knows that he should not commit such a crime. 725 ILCS 5/110-2(a) (West 2024). This presumption is consistent with common sense that one should not commit crimes, especially when one is on pretrial release." *Id.* ¶ 17.

¶ 16    Here, defendant was charged with multiple traffic citations, including a felony, and was released before trial. He was on pretrial release. It is presumed that defendant knew that he should not commit additional crimes while on pretrial release, and it does not matter that the trial court had not had the opportunity to list that as a condition of pretrial release. See 725 ILCS 5/110-2(a) (West 2024); *McClure*, 2024 IL App (5th) 240027, ¶ 24.

¶ 17    Moreover, we note that defendant is in a decidedly weaker position than the defendant in *Dudish Poulsen*. Here, as in *McClure*, defendant had failed to appear in court, and a warrant was issued for his arrest. See *McClure*, 2024 IL App (5th) 240027, ¶ 10. Defendant did not have an opportunity to be informed of possible conditions of pretrial release because he did not appear in court. Defendant had been released by the police on the condition that he appear in court, a condition that he violated. It is incongruous that he is critical of not receiving specific conditions

---

[1]We may rely on the reasoning of a nonprecedential decision under Illinois Supreme Court Rule 23 (eff. June 3, 2025). *Xiang Zhao v. State Farm Fire & Casualty Co.*, 2025 IL App (2d) 240723, ¶ 30.

of pretrial release from the trial court when he had already broken the pretrial release conditions given to him by officers.

¶ 18                                B. Revocation of Pretrial Release

¶ 19      Having found that the trial court was authorized to revoke defendant's pretrial release, the final issue on appeal is whether the trial court erred in finding that no conditions could mitigate the risk of defendant committing a new felony or Class A misdemeanor.

¶ 20      Pretrial-release decisions are reviewed either under the manifest-weight-of-the-evidence or *de novo* standard. *People v. Morgan*, 2025 IL 130626, ¶ 54. According to the Illinois Supreme Court, the question of which standard applies is determined by the following:

> "(1) when live witness testimony is presented at a pretrial detention hearing, the circuit court's ultimate detention decision under section 110-6.1, in addition to any underlying factual findings supporting the decision, will not be disturbed on review unless found to be contrary to the manifest weight of the evidence and (2) when the parties to a pretrial detention hearing proceed solely by proffer, the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review of the proffered evidence and evidence otherwise documentary in nature." *Id.*

¶ 21      In the immediate matter, the parties proceeded solely by proffer. "While *Morgan* involved an initial petition for detention pursuant to section 110-6.1, not a revocation determination pursuant to section 110-6(a), its reasoning applies to hearings on revocation where the parties proceed solely by proffer, so we will review the trial court's findings *de novo*." *People v. Taber*, 2025 IL App (2d) 240562, ¶ 14.

¶ 22      A defendant's pretrial release may be revoked "if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release." 725

ILCS 5/110-6(a) (West 2024). The clear language of section 110-6(a) does not require the State to prove that a defendant committed a felony or a Class A misdemeanor, but only that a defendant was *charged* with a felony or Class A misdemeanor and that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*; see *People v. Hammerand*, 2024 IL App (2d) 240500, ¶ 19 (noting the lower threshold in section 110-6(a) compared to 110-6.1).

¶ 23    "Clear and convincing evidence is that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *People v. Morales*, 2024 IL App (2d) 230597, ¶ 15. Here, the record indicated that the defendant was charged with DUI while on pretrial release. Defendant had been convicted of DUI thrice before and has continued to engage in this reckless behavior despite having his driver's license revoked almost 20 years ago. As the trial court noted, "[n]othing's going to stop this man from driving. He's going to do what he wants to do unless he's locked up." We would add that defendant appears unable to stop himself from drinking while driving, causing accidents, and attempting to flee the scene. The State proved by clear and convincing evidence that no condition or conditions of release would reasonably prevent defendant from being charged with more felonies or Class A misdemeanors. See 725 ILCS 5/110-6(a) (West 2024).

¶ 24                                    III. CONCLUSION

¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 26    Affirmed.

*People v. Fredrickson*, 2026 IL App (2d) 260189

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 25-CF-1548; the Hon. Donald Tegeler, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Samuel B. Steinberg, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |